**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

DOMINIC CASEMENT,

    Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO;
ROGER STOCKMAN, in his individual capacity;

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Dominic Casement, by and through his attorneys Faisal Salahuddin, Adam Frank, and Melissa Roth of FRANK & SALAHUDDIN LLC, respectfully alleges for his Complaint and Jury Demand as follows:

**INTRODUCTION**

1. This is a civil rights action for monetary damages, declaratory relief, and injunctive relief, brought pursuant to 42 U.S.C. § 1983.

2. On or about November 11, 2017, Westminster Police Officers arrested Mr. Casement for fleeing a car believed to have run a red light.

3. While Mr. Casement was under arrest and seated on the ground with his hands cuffed behind his back, Defendant Stockman struck Mr. Casement with a pistol across the back of Mr. Casement's head and across Mr. Casement's chin, causing severe bleeding in both places.







4. A few seconds later, and still handcuffed, Defendant Stockman kicked Mr. Casement in the face, fracturing Mr. Casement's jaw.  Mr. Casement had not resisted, had not hidden his hands, and had not done anything else to justify Defendant Stockman's use of force.



5. Another Westminster police officer, Scott Holley, witnessed Defendant Stockman's sadistic, violence against Mr. Casement and documented what happened in a police report resulting in the

prosecution of Defendant Stockman in Adams County District Court for felony assault. Defendant Stockman ultimately pled guilty to and was convicted of third degree assault, for which he was placed on unsupervised probation.

6. Westminster Police had also charged Mr. Casement with various municipal ordinance violations but all charges against Mr. Casement were dismissed less than two weeks later.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. This Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 2201-02.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All the events alleged herein occurred in the State of Colorado, and all the parties were residents of and/or domiciled in the State at the time of the events giving rise to this Complaint.

## PARTIES

9. Dominic Casement is a 35-year-old resident of Colorado and was a resident of Colorado at all times relevant to this Complaint.

10. Defendant City of Westminster, Colorado ("Westminster") is a Colorado municipal corporation.

11. At all times relevant to this Complaint and Jury Demand, Defendant Roger Stockman was a resident of the State of Colorado. At all relevant times to this complaint, Defendant Stockman was acting within the scope of his official duties and employment and under color of state law in his capacity as a police officer for the Westminster Police Department.

## FACTUAL ALLEGATIONS

**A. The City of Westminster Condoned and Tolerated a Culture of Violence Leading to the Inevitable Violation of Mr. Casement's Civil Rights.**

12. The Westminster Police Department is a repeat civil rights offender.

13. Prior to Officer Stockman's assault of Mr. Casement, the Westminster Police Department engaged in numerous and systematic civil rights violations of people they had a duty to serve and protect.

14. In July 2016, three Westminster Police Officers assaulted a minor child, tackling the boy and hitting him after the child stood silently, with his head down and ignored officer commands.[1] The department found that these officers acted within policy.

15. On August 10, 2016, two Westminster officers were caught on video brutally attacking David Martinez. Mr. Martinez had not resisted, had not obstructed, and was merely smoking a cigar at the time these Officers assaulted him. The City of Westminster, after reviewing the attack,[2] determined the officers acted within department policy.

16. Prior to Mr. Martinez's lawsuit, the City of Westminster had received numerous complaints of excessive force against its officers. In each instance, no matter how obvious the civil rights violation, the City exonerated its officers and found that its officers had acted within department policy.

17. The City also has a practice of settling lawsuits and purchasing silence from Plaintiffs to prevent other Plaintiffs from knowing about the number and nature of other civil rights violations by the City's police force. This is an unusual practice for a municipality because all settlements involving the city or its on-duty employees are available to the public through Colorado's open records laws.

18. Thus, the effect of this settlement practice is to silence victims of police brutality and their attorneys and protect abusers.

---

[1] Archuleta v. Wood Civil Action No. 18-cv-01890-RBJ
[2] Footage of this video can be found at https://denver.cbslocal.com/2018/02/02/tattoo-shop-police-brutality-lawsuit/ (last accessed November 7, 2019). Mr. Martinez's lawsuit filed in this district, 18-Cv-00265, settled last year.

19. The City also made the determination not to equip its officers with body cameras preventing adequate supervision and accountability for officers who use excessive force.

20. Research from the National Institute of Justice found that officers equipped with body cameras report reduced civilian complaints and use-of-force reports relative to officers who were not equipped with body cameras. *See* Anthony Braga, *et al.*, *The Benefits of Body-Worn Cameras: New Findings from a Randomized Controlled Trial at the Las Vegas Metropolitan Police Department*, Final report to the National Institute of Justice, 2013-IJ-CX-0016, September 2017, pp. 10-11.[3] The report continues to say "[t]hese results support the position that [body-worn cameras] may de-escalate aggression or have a 'civilizing' effect on the nature of police-citizen encounters," and "[t]he complaint and use of force reductions associated with placing [body-worn cameras] on police officers may be particularly important for improving police community relations in impoverished minority neighborhoods." *Id.*

21. The Colorado State Legislature also recognized the importance of body cameras by establishing a fund and a grant program within the state in 2015. The program allows law-enforcement agencies to access federal and other nongovernmental sources of funding to increase their ability to purchase body-worn cameras for more law enforcement officers. *See* HB 15-1285. The Colorado General Assembly found that "the use of body-worn cameras can ... strengthen individual officer performance and accountability, enhance the overall transparency of a law enforcement agency, and document encounters between the police and the public to assist in investigation and resolution of complaints and officer-involved incidents." *Id.*

22. Thus, taken together, Defendant Westminster condones, tolerates, and tries to cover up its culture of excessive force by its officers.

---

[3] Available at: https://www.ncjrs.gov/pdffiles1/nij/grants/251416.pdf (last accessed on November 7, 2019).

23. A municipal policy or custom may take the form of a formal regulation or policy; a widespread, permanent, and well-settled custom; a decision by an employee with final policymaking authority; a final policymaker's ratification of both an employee's unconstitutional actions and the basis for them; or the deliberately indifferent failure to appropriately train, supervise, or discipline employees.

24. At the time that Defendant Stockman arrested and assaulted Mr. Casement, it was settled policy in Westminster that its Officers could use unreasonable or excessive force against suspects in custody and no adverse employment consequences would occur.

25. In fact, between 2012 and 2017, Westminster Police Department received dozens of complaints against its officers for the use of excessive force.

26. Between 2012 and 2017, no Westminster Officer had been found by the City to have used excessive force in violation of department policy.

   B. **Westminster Police Officer Roger Stockman Punishes Mr. Casement with Two Pistol Whips and an Attempted Curb Stomp for the "crime" of Contempt of Cop**

24. On or about November 11, 2017, when Defendant Stockman approached Mr. Casement, Mr. Casement was merely verbally opposing his arrest.

25. On or about November 11, 2017, when Defendant Stockman approached Mr. Casement, Mr. Casement did not menace Defendant Stockman.

26. On or about November 11, 2017, Mr. Casement did not menace any police officer.

27. Mr. Casement complied with commands given to him by Officer Kelley.

28. Defendant Stockman did not like the word choice by Mr. Casement.

29. Defendant Stockman felt disrespected by Mr. Casement's words.

30. Defendant Stockman decided to punish Mr. Casement for the choice of words Mr. Casement used.

31. Defendant Stockman decided to retaliate against Mr. Casement for the choice of words used.

32. Defendant Stockman decided to send a message to Mr. Casement for what Mr. Casement said to Defendant Stockman.

33. Defendant Stockman, when confronting Mr. Casement, had a gun drawn.

34. Defendant Stockman's gun was drawn and pointed at Mr. Casement.

35. At this time, Officer Kelley had ordered Mr. Casement to place his hands behind his back.

36. At this time Officer Kelley had handcuffed Mr. Casement.

37. Mr. Casement complied with Officer Kelley's order to place his hands behind his back.

38. Officer Kelley ordered Mr. Casement to sit on the ground.

39. Mr. Casement complied with Officer Kelley's order to sit on the ground.

40. After Officer Kelley had Mr. Casement full compliant, seated with his hands behind his back, Defendant Stockman took his gun and whipped Mr. Casement across the top of his head with the gun.

41. Defendant Stockman caused a laceration on the crown of Mr. Casement's head.

42. After Officer Kelley had Mr. Casement fully compliant, seated with his hands behind his back, Defendant Stockman took his gun a second time and whipped Mr. Casement across the bottom of his chin with the gun.

43. Defendant Stockman caused a deep laceration to Mr. Casement's chin.

44. After Officer Kelley had Mr. Casement fully compliant, seated with his hands behind his back, and handcuffed, Defendant Stockman took his boot and kicked Mr. Casement in the face.

45. Defendant Stockman's boot kick fractured Mr. Casement's jaw.

**STATEMENT OF CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Excessive Force**
**42 U.S.C. § 1983 – Fourth Amendment Violation (through the Fourteenth Amendment)**
**Defendant Stockman**

46. Mr. Casement incorporates all other paragraphs as if fully set forth herein.

47. At all relevant times hereto, Defendant Stockman acted under the color of state law in his capacity as a Westminster Police Officer.

48. Mr. Casement had a protected Fourth Amendment interest against being victimized by the use of excessive force at the hands of law enforcement.

49. Defendant Stockman subjected Mr. Casement to force which, judged from a perspective of a reasonable officer on the scene, was objectively unreasonable.

50. At all times relevant hereto, Mr. Casement committed no crime.

51. At all times relevant hereto, Mr. Casement posed no threat to any law enforcement officers.

52. At all times relevant hereto, Mr. Casement did not attempt to evade arrest by flight.

53. Under these circumstances, where another Officer had control of Mr. Casement and where Mr. Casement was being compliant and not resisting, Defendant Stockman had no justification for using any physical force on Mr. Casement and the force used by Defendant Stockman constituted an assault.

54. Defendant Stockmen pled guilty to assaulting to Mr. Casement in 18CR161.

55. These actions caused Mr. Casement substantial physical and emotional harm.

### SECOND CLAIM FOR RELIEF
*Monell* -Deliberately Indifferent Policies, Practices, Customs, Training, Supervision and Ratification Violation of the Fourth Amendment (through the Fourteenth Amendment)
**Defendant City of Westminster**

56. Mr. Casement incorporates all other paragraphs as if fully set forth herein.

57. At all relevant times hereto, Defendant Stockman acted under the color of state law in his capacity as a Westminster Police Officer.

58. Westminster's inadequate training, supervision, and discipline results from a conscious and deliberate choice that was foreseeably likely to result in the deprivation of constitutional rights of people who came into contact with the police. .

59. Defendant Westminster's policies, customs, and practices in failing to properly train, supervise, and/or discipline its employees were a moving force and proximate cause of Defendant Stockman's violation of Mr. Casement's constitutional rights.

60. Mr. Casement has been and continues to be damaged by Defendant Stockman's use of excessive force against him because such conduct caused and causes him physical and mental pain, humiliation, fear, anxiety, loss of enjoyment of life, loss of liberty, privacy, and sense of security and individual dignity, among other injuries, damages, and losses.

61. The acts or omissions of each Defendant, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Mr. Casement's injuries, losses, and damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Casement respectfully requests that this Court enter judgment in his favor against Defendants, and award him all relief as allowed by law, including but not limited to the following:

a) Appropriate relief at law and equity;

b) Declaratory relief, injunctive relief, and other appropriate equitable relief;

c) Compensatory and punitive damages on all claims allowed by law in an amount to be

d) Attorneys' fees and the costs associated with this action on all claims pursuant to 42 U.S.C. §1988 and all applicable law;

e) Pre- and post-judgment interest at the appropriate lawful rate;

f) Any further relief that this Court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Dated: November 10, 2019

/s/ *Faisal Salahuddin*
Faisal Salahuddin
Adam Frank
Melissa Roth
FRANK & SALAHUDDIN LLC
1741 High Street
Denver, CO 80218
Telephone: (303) 974-1084
Fax: (303) 974-1085
fas@fas-law.com
adam@fas-law.com
melissa@fas-law.com
*Attorneys for Plaintiffs*

11